# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  2:21-0110** |
| **VERSUS** | * | **SECTION "R"** |
| **ASHLEY MCGOWAN** | * | **JUDGE SARAH S. VANCE** |
| **LERTRICE JOHNSON** | | |
| **DAVIENQUE JOHNSON** | * | |
| **HERBERT ALLEN** | | |
| **TROYLYNN BROWN** | * | |
| **DION RIDLEY** | | |
| **JARVIS BROWN** | * | |

### MS. DION RIDLEY'S REPLY IN SUPPORT OF HER SENTENCING MEMORANDUM REQUESTING A DOWNWARD VARIANCE

NOW INTO COURT, comes Dion Ridley, who, through undersigned counsel, respectfully submits this reply in support of her sentencing memorandum requesting a downward variance from the advisory Sentencing Guidelines. In support thereof, Ms. Ridley avers as follows.

First, as rightly pointed out by the Government, undersigned counsel acknowledges that he mistakenly stated that Ashley McGowan participated in two staged accidents when she in fact only participated in one. *Compare* (Rec. Doc. 84) *with* (Rec. Doc. 195 at 11). Undersigned counsel misread the various documents related to this case and mistook Ms. McGowan's case for a different defendant. Undersigned counsel sincerely apologizes for this error.

Ms. McGowan's case is still distinguishable from Ms. Ridley's case beyond just having a higher total loss amount and the amount that Ms. McGowan actually received. *See* (Rec. Doc. 84 at 7). Unlike Ms. Ridley, Ms. McGowan was an active participant in the scheme who was involved in the actual planning and coordination of the execution of the staged accident. (Rec.

Doc. 84 at 2-3).  Ms. McGowan was recruited before the accident and she herself paid to be allowed to participate in the scheme. (Rec. Doc. 84 at 2). The plan was to have Ms. McGowan ride in a separate car following the car that would be involved in the accident, then she would get into the accident car and pretend to have been a passenger in the accident. (Rec. Doc. 84 at 2-3). Further, unlike Ms. Ridley, Ms. McGowan received several cash advances from the attorneys to continue visiting doctors. (Rec. Doc. 84 at 5). In sum, unlike Ms. Ridley, Ms. McGowan's aforementioned actions evidence her knowledge of the inner workings of the scheme and her more direct participation in the full outcome of the scheme.

Furthermore, the Government, in its Opposition to Ms. Ridley's request for a downward variance, argues that "attempts to perform an 'apples-to-apples' comparison between Defendant Ridley and other staged-accident defendants is impracticable" because of the "public and non-public information" related to the criminal histories and cooperation levels of other defendants. *See* (Rec. Doc. 199 at 2).

However, the sentencing guideline variance factor under 18 U.S.C. § 3553(a)(6) requires the Court to do exactly these types of comparisons. *See Gall v. United States*, 552 U.S. 38; 128 S.Ct. 586, 600; 169 L.Ed.2d 445 (2007) (reversing the appellate court's decision to overturn a sentence of probation when the district court properly considered the factors under §3553(a)(6) among others by evaluating the participation in the conspiracy, the sentences of other defendants, and the character of the defendants who were similarly situated); *United States v. Tisdale*, 264 Fed.Appx. 403, 411 (5th Cir. 2008) (reversing the district court's ruling for failing to consider and give an explanation of the §3553(a) factors and stating "consideration of the §3553(a) factors is not discretionary but is essential to determining a reasonable sentence" and "failure to apply the §3553(a) factors is procedural error"); *United States v. Bryson*, 838 Fed.Appx. 64 (5th Cir.

2020) (procedural errors in sentencing include failing to consider the §3553(a) factors).

Undersigned counsel is following the law with the information available, and when followed, it is clear that Ms. Ridley's case can be distinguished from the majority of defendants that received jail time in the Government's Operation Sideswipe indictments. As such, Ms. Ridley should not receive the same sentence that Ms. McGowan received based on this factor.

Lastly, Ms. Ridley notes, as acknowledged by the Government (Rec. Doc. 199 at 1-2), that there are separate grounds under 18 U.S.C. § 3553(a) to grant Ms. Ridley a variance, namely her young age at the time of the fraudulent collision, her family connection to the offense, her history of mental health issues, and her efforts to maintain employment and education.

WHEREFORE, Ms. Ridley prays for a downward variance and any other relief to which she is entitled.

Respectfully submitted this Tuesday, February 14th, 2023.

/s/ *Samuel H. Winston*
SAMUEL H. WINSTON, LA Bar #34821
Winston Bergeron, LLP
1700 Josephine Street
New Orleans, LA 70113
Telephone: 504-577-2500
Email: sam@winstonbergeron.com

Attorney for Defendant, DION RIDLEY

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2023, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record.

/s/ *Samuel H. Winston*
SAMUEL H. WINSTON
Attorney for Defendant, DION RIDLEY